ORIGINAL

**FILED**
DISTRICT COURT OF GUAM
NOV - 3 2005
MARY L.M. MORAN
CLERK OF COURT

NGUYEN_K.ref

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: 472-7332
FAX: 472-7215

Attorney's for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 99-00158 |
| Plaintiff, | ) | |
| v. | ) | PETITION TO REFUND OVERPAYMENT OF SPECIAL ASSESSMENT FEE |
| KHANH PHUONG NGUYEN, | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW the United States of America, by and through its undersigned counsel, and respectfully petitions this Court for the entry of an order to refund the overpaid portion of the special assessment fee imposed upon Defendant KHANH PHUONG NGUYEN (hereinafter referred to as "Defendant NGUYEN") and in support hereof, states as follows:

1. On July 11, 2000, Defendant NGUYEN was sentenced, among other things, to pay a $300.00 special assessment fee. See Attachment "A.:

2. Defendant NGUYEN made payments totaling $300.00 which paid the special assessment fee in full. See Attachment "B."

3. The judgment was subsequently vacated on or about November 12, 2004. See Attachment "C."

4. On or about October 5, 2005, Defendant NGUYEN was sentenced to Count III of the Indictment and there is a mandatory special assessment fee o $100.00. See Attachment "D."

5. Plaintiff respectfully requests that the Court refund the full amount of overpayment by issuing a check in the amount of $200.00 to Khanh Phuong Nguyen, c/o Howard Trapp, Inc. Suite 200, Saylor Building, 139 Chalan Santo Papa, Hagåtña, Guam 96910.

6. Plaintiff further requests that any future payments made by defendant be refunded to her.

DATED this 28th day of October, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

U.S.A.

vs.

**NGUYEN, KHANH PHUONG**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 99-00158 -002

TRAPP, HOWARD
Defendant's Attorney

**FILED**
DISTRICT COURT OF GUAM
JUL 2 6 2000
MARY L.M. MORAN
CLERK OF COURT

## THE DEFENDANT:

☐ plead nolo contendere to count(s) ___ which was accepted by the court.

☑ was found guilty on count(s) **1,2,3** after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 952 | CONSPIRACY TO IMPORT METHAMPHETAMINE | 12/04/00 | 1 |
| 21 USC 960(B) | IMPORTATION OF METHAMPHETAMINE | 12/04/00 | 2 |
| 21 USC 841(A) | ATTEMPT TO POSSESS METHAMPHETAMINE WITH INTENT TO DISTRIBUTE | 12/04/00 | 3 |

The defendant is sentenced as provided in pages 2 through ___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___

☐ Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 586980277
Defendant's Date of Birth: 02/08/63
Defendant's USM No.: 01972093
Defendant's Residence Address:
#6 Guahan Apartments
Tamuning, Guam 96932

07/11/00
Date of Imposition of Judgment

*[signature]*

John S. Unpingco
U.S. District Court Judge
Name and Title of Judicial Officer

JUL 25 2000
Date

Defendant's Mailing Address:

**EXHIBIT A**

Defendant: **NGUYEN, KHANH PHUONG**
Case Number: **99-00158 -002**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **212 Month(s).**
**Defendant to serve a term of imprisonment of 212 month(s) for Count(s) 1,2,3, to be served concurrently.**

The court makes the following recommendations to the Bureau of Prisons:
**Defendant shall participate in a substance abuse program approved by the Bureau of Prisons.**
**Defendant shall be incarcerated in a federal prison facility in or closest to Garden Grove, California.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Defendant: **NGUYEN, KHANH PHUONG**
Case Number: **99-00158 -002**

## SUPERVISED RELEASE

release from imprisonment, the defendant shall be on supervised release for a term of **60 months.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✓] The defendant shall not posess a firearm as defined in 18 U.S.C. § 921.

f this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release n accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

) the defendant shall not leave the judicial district without the permission of the court or probation officer;
!) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
!) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
!) the defendant shall support his or her dependents and meet other family responsibilities;
!) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
!) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
') the defendant shall refrain from excessive use of alcohol;
!) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
!) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
0) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
1` defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law rcement officer;
2) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemenet agency without the permission of the court;
3) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: **NGUYEN, KHANH PHUONG**

Case Number: **99-00158 -002**

# ADDITIONAL SUPERVISED RELEASE TERMS

Defendant shall refrain from any unlawful use of a controlled substance and submit to one urinalysis test within 15 days and two additional urinalysis tests thereafter not to exceed 60 days.

Defendant shall refrain from the use of any and all alcoholic beverages.

Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse.

Defendant shall maintain gainful employment.

Defendant shall perform **200** hours of community service.

Defendant: NGUYEN, KHANH PHUONG
Case Number: 99-00158-002

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set on Schedule of Payments page of this order, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 300.00 | $ 0.00 | $ 0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement......... $ 0.00

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ 0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is waived as follows:

## RESTITUTION

☐ The determination of restitution is deferred until / / . an Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals: $ 0.00  $ 0.00

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: **NGUYEN, KHANH PHUONG**
Case Number: **99-00158 -002**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [✓] in full immediately; or

B [ ] _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than / / _____ ;

D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ installments of _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**or during the term of incarceration or supervised release.**

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Defendant: **NGUYEN, KHANH PHUONG**
Case Number: **99-00158 -002**

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☑ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Howard Trapp is retained and not court appointed (pen-and-ink change).**

**Guideline Range Determined by the Court:**

Total Offense Level: **36**
Criminal History Category: **I**
Imprisonment Range: **188** TO **235 MONTHS**
Supervised Release Range: **0** TO **0 MONTHS**
Fine Range: **$ 20,000.00** TO **$ 4,000,000.00**

☑ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: **$ 0.00**

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☑ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

Case    CR-99-00158

| Date | Receipt | Client | Amount |
|---|---|---|---|
| 11/15/00 | 0018449 | NGUYEN, KHANH PHUONG<br>CR-99-00158<br>Assessments/Fines<br>Check Info: 15-51 #05727127 | $ 50.00 |
| 12/12/00 | 0018537 | NGUYEN, KHANH PHUONG<br>CR-99-00158<br>Assessments/Fines<br>Check Info: 15-51 #2221 56270685 | $ 50.00 |
| 01/17/01 | 0018666 | NGUYEN, KHANH PHUONG<br>CR-99-00158<br>Assessments/Fines<br>Check Info: 15-51/000 #06239930 | $ 50.00 |
| 02/13/01 | 0018793 | NGUYEN, KHANG PHUONG<br>Assessments/Fines<br>Check Info: 15-51 #2221 56948913 | $ 50.00 |
| 03/15/01 | 0018918 | BOP/IFRP<br>CR-99-00158<br>USA vs. KHANH PHUONG NGUYEN<br>Assessments/Fines<br>Check Info: 15-51/000 #06859439 | $ 50.00 |
| 04/16/01 | 0019076 | NGUYEN, KHANH PHUONG<br>CR-99-00158<br>USA vs Khanh Phuong Nguyen<br>Assessments/Fines<br>Check Info: 15-51 #2221 57421132 | $ 50.00 |
| 04/16/01 | 0019080 | PHAN, TUYET MAI THI<br>CR-99-00158<br>USA vs Tuyet Mai Thi Phan<br>Assessments/Fines<br>Check Info: 15-51 #2221 57421132 | $ 25.00 |
| 10/30/01 | 0019798 | PHAN, TUYET MAI THI<br>CR-99-00158<br>Re: USA vs Tuyet Mai Thi Phan<br>Assessments/Fines<br>Check Info: 15-51/000 #2221-60047628 | $ 25.00 |
| 11/23/01 | 0019884 | PHAN, TUYET MAI THI<br>CR-99-00158<br>Re: USA vs Tuyet Mai Thi Phan<br>Assessments/Fines<br>Check Info: 15-51/000 #2221-09181176 | $ 50.00 |
| 01/16/02 | 0020067 | BOP/IFRP<br>CR-99-00158<br>Re: USA vs Tuyet Mai Thi Phan<br>Assessments/Fines<br>Check Info: 15-51/000 #2221-09597879 | $ 50.00 |


EXHIBIT B

| UNITED STATES OF AMERICA, | No. 00-10353 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. CR-99-00158-JSU |
| V. | |
| KHANH PHUONG NGUYEN, | **JUDGMENT** |
| Defendant - Appellant. | |

| UNITED STATES OF AMERICA, | No. 00-10406 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. CR-99-00158-JSU |
| V. | |
| TUYET MAI THI PHAN, | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.



On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Filed and entered Friday, November 12, 2004

# UNITED STATES DISTRICT COURT

District of         **GUAM**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **KHANH PHUONG NGUYEN** | Case Number:     CR-99-00158-002 |
| | USM Number:     02485-093 |
| | **HOWARD TRAPP, Court Appointed Counsel** |
| | Defendant's Attorney |

**FILED**
DISTRICT COURT OF GUAM
OCT - 7 2005
MARY L.M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)    **III**
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Attempt to Possess Methamphetamine with Intent to Distribute | 12/4/1999 | III |

U.S. ATTORNEY'S OFFICE
DISTRICT OF GUAM & NMI
OCT 11 2005
RECEIVED

The defendant is sentenced as provided in pages 2 through   **6**   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

OCTOBER 5, 2005
Date of Imposition of Judgment

_/s/ L.D. George_
Signature of Judge

**LLOYD D. GEORGE, DESIGNATED JUDGE**
Name and Title of Judge

5 Oct. 2005
Date

EXHIBIT D

DEFENDANT: KHANH PHUONG NGUYEN
CASE NUMBER: CR-99-00158-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**135 Months with credit for time already served.**

**X** The court makes the following recommendations to the Bureau of Prisons:
**Defendant to be incarcerated at Victorville or in the alternative Dublin. The Court further recommends that defendant be incarcerated with defendant Tuyet Mai Thi Phan.**

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ a _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KHANH PHUONG NGUYEN
CASE NUMBER: CR-99-00158-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**FIVE YEARS.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**

**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and to as many drug tests as required by U.S. Probation Office.**

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KHANH PHUONG NGUYEN
CASE NUMBER: CR-99-00158-002

# ADDITIONAL SUPERVISED RELEASE TERMS

1. DEFENDANT SHALL BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION PROCEEDINGS PURSUANT TO 18 U.S.C. §3583(d), AND WITH THE ESTABLISHED PROCEDURES PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT UNDER 8 U.S.C. § 1101. AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF ORDERED DEPORTED, THE DEFENDANT SHALL REMAIN OUTSIDE AND SHALL NOT RE-ENTER THE UNITED STATES WITHOUT THE PERMISSION OF THE ATTORNEY GENERAL. IF DEPORTATION FAILS TO OCCUR AND THE DEFENDANT IS PENDING FURTHER IMMIGRATION PROCEEDINGS, SHE SHALL IMMEDIATELY REPORT TO THE U.S. PROBATION OFFICE TO BEGIN HER TERM OF SUPERVISED RELEASE.

2. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. SENTENCING COMMISSION.

3. DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR THE ASSESSMENT OR TREATMENT OF NARCOTIC ADDICTION OR DRUG OR ALCOHOL DEPENDENCY, WHICH WILL INCLUDE TESTING FOR THE DETECTION OF SUBSTANCE USE OR ABUSE. IT IS FURTHER RECOMMENDED THAT THE DEFENDANT MAKE A CO-PAYMENT FOR TREATMENT IF DEEMED NECESSARY, AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

4. DEFENDANT SHALL PERFORM 200 HOURS OF COMMUNITY SERVICE.

DEFENDANT:      KHANH PHUONG NGUYEN
CASE NUMBER:    CR-99-00158-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ WAIVED | $ 0.00          |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |
| TOTALS            | $ 0             | $ 0                     |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KHANH PHUONG NGUYEN
CASE NUMBER: CR-99-00158-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.